1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                   AT TACOMA

10  JILLIAN GANT,

11              Plaintiff,                CASE NO. 2:19-cv-01605-JCC-JRC

12        v.                              ORDER

13  STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY,
14
                Defendant.
15
        The Court has reviewed the parties' Joint Status Report (Dkt. 13) and schedules this case
16
for a five-day jury trial on **November 2, 2020, at 9:30 a.m., before the Honorable John C.**
17
**Coughenour, Courtroom 16206** with the following pretrial schedule:
18

| Event | Date |
| --- | --- |
| Deadline for joining additional parties, plaintiff | **March 31, 2020** |
| Deadline for joining additional parties, defendant | **April 30, 2020** |
| Deadline for amending pleadings, plaintiff | **March 31, 2020** |
| Deadline for amending pleadings, defendant | **April 30, 2020** |

24

ORDER - 1

| Third-party actions per joint status report | **April 30, 2020** |
|---|---|
| Expert disclosures under Fed. R. Civ. P. 26(a)(2) | **May 2, 2020** |
| Challenges to expert testimony per joint status report | **September 18, 2020** |
| All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) and LCR 37(a)(2) | |
| Discovery completed by | **July 2, 2020** |
| Motions to dismiss must be filed 90 days after preliminary pretrial conference per joint status report | |
| All dispositive motions must be filed by (*see* LCR 7(d)) | **August 3, 2020** |
| All motions in limine must be filed by this date and noted on the motion calendar and noted on the motions calendar in accordance with LCR 7(d)(4)<br><br>Motions in limine raised in trial briefs will not be considered. | **October 4, 2020** |
| Agreed LCR 16.1 Pretrial Order due | **October 4, 2020** |
| Pretrial conference | **To be set as needed** |
| Trial briefs, proposed voir dire, jury instructions and exhibits by | **October 26, 2020** |

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial dates assigned to this matter creates an irreconcilable conflict, counsel must notify Deputy Clerk Kelly Miller at Kelly_miller@wawd.uscourts.gov, within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

## Trial Procedures

**1.     Jury Instructions.**  Jury instructions should be numbered sequentially.  Counsel should submit two copies of proposed jury instructions, one with citations and one without, and should send electronic copies of the instructions to the chambers orders inbox at coughenourorders@wawd.uscourts.gov.  Counsel is advised that the Court relies primarily on the Ninth Circuit Manual of Model Jury instructions, available at http://www3.ce9.uscourts.gov/jury-instructions/model-civil. The Court will rarely, if ever, deviate from the model instructions' language.  Counsel should refer to the filing instructions in Local Rule CR 51(h) for further instruction on Joint Instructions and Joint Statements of Disputed Instructions.

**2.     Trial exhibits**.  The Court must receive all trial exhibits by the date noted above.   All trial exhibits must be pre-marked by counsel.  Exhibit tags can be obtained from the Clerk's Office.  Plaintiff's exhibits shall be numbered consecutively starting with number 1. Defendant's exhibits shall be numbered consecutively starting with number A-1.  Duplicated documents shall not be listed twice on the exhibit list.  **Once a party has identified an exhibit on the exhibit list or in the pretrial order, any party may use it.  Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.  This original, and one copy, should be delivered to the in-court clerk on the morning of trial.**  If the exhibit list is revised at any time after it is filed with the Court, counsel shall file a revised exhibit list.  Technology training is strongly encouraged.

//

//

**Discovery**

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel shall also cooperate in preparing the agreed pretrial order in the format required by LCR 16.1.

**Settlement**

The Court designates this case for mediation under LCR 39.1(c) and the parties are directed to follow through with the procedures set forth in that rule, including holding a settlement conference at least 30 days prior to the mediation conference. If this case settles, plaintiff's counsel shall notify Kelly Miller via e-mail at Kelly_Miller@wawd.uscourts.gov, as soon as possible. Pursuant to LCR11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The Clerk is directed to send copies of this Order to all parties of record.

Dated this 23rd day of January, 2020.

J. Richard Creatura
United States Magistrate Judge